UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>v.<br><br>SHAMARIAE MARSHON JONES and EDWIN ARNOLD, JR.,<br><br>　　　Defendants | Case No.: 2:17-cr-00042-APG-DJA<br><br>**Order Denying in Part Defendant Arnold's Motion to Vacate and Allowing Supplemental Briefing on One Ground for Relief**<br><br>[ECF No. 316] |

　　　A jury convicted Edwin Arnold, Jr. of ten counts relating to a string of armed robberies. Arnold moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 arguing his attorney was ineffective for failing to (1) challenge the indictment, (2) challenge a search warrant, and (3) negotiate a plea deal. The Government responds that Arnold's counsel was competent, and the deficient acts Arnold complains of lack a legal basis.

　　　I deny Arnold's motion with respect to his allegations that counsel failed to challenge the indictment and search warrant. But because the Government appears to misinterpret Arnold's claim of ineffective assistance during plea bargaining, I allow the Government to file a surreply addressing Arnold's clarified position, to which Arnold may respond.

**I.　DISCUSSION**

　　　To prevail on an ineffective assistance of counsel claim, Arnold must prove that (1) his attorney's "representation fell below an objective standard of reasonableness," and (2) his attorney's deficient performance prejudiced Arnold such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). I must apply a "strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  "Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).  The right to effective assistance applies during "critical stages" of criminal proceedings, including plea bargaining. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (quotation omitted).

### A. The Indictment

Arnold asserts that his counsel was ineffective for failing to challenge evidence presented to the grand jury that led to the indictment charging Arnold and his codefendant.  Arnold claims that the case agent testified before the grand jury about statements Arnold made to investigators that were obtained in violation of his Fifth Amendment rights.[1]  The Government responds that even inadequate, incompetent, or inadmissible evidence may be presented to the grand jury.

The exclusionary rule suppressing evidence obtained in violation of the defendant's constitutional protections does not apply to grand jury proceedings. *See United States v. Calandra*, 414 U.S. 338, 349-50 (1974).  An "indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." *Id.* at 344-45 (citations omitted).  But a prosecutor has a duty not to allow "a person to stand trial when he knows that perjury permeates the indictment." *United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974).

---

[1] Arnold's counsel later moved to suppress these statements. *See* ECF No. 38.  The Government agreed not to use the challenged statements in its case in chief, and I dismissed the motion to suppress as moot. ECF Nos. 42; 49; 52.  Because his ineffective assistance claim fails even if the statements were obtained through a Fifth Amendment violation, I need not decide that issue here.

Arnold argues that the case agent's testimony amounted to perjury because the agent knew the evidence was illegally gained and would be inadmissible. That the evidence may have been obtained in violation of Arnold's Fourth or Fifth Amendment rights does not make testimony about that evidence perjury. Arnold does not allege that the agent misrepresented the evidence, only that the evidence was later suppressed. Challenging the indictment by arguing that the grand jury considered inadmissible evidence would have been futile under *Calandra*. Arnold's counsel was not ineffective for choosing not to do so.

### B. The Search Warrant

Arnold's second basis for relief is that his attorney failed to challenge a search warrant of his grandmother's home. His attorney filed a motion to suppress the evidence found in the search, and the Government agreed not to present the evidence in its case in chief. *See* ECF Nos. 180; 187; 189. Arnold argues, "even though the evidence wasn't used at trial it was used to start the indictment that led to trial." ECF No. 320 at 7. But this argument fails for the same reason as the testimony about his statements: the exclusionary rule does not apply to grand jury proceedings. *Calandra* 414 U.S. at 349-50. Therefore, Arnold's counsel was not ineffective for choosing not to challenge the search warrant and the evidence used to support the indictment.

### C. Plea Negotiations

Arnold's third basis for relief is that his attorney failed to negotiate with the Government to remove factually inaccurate information from a proposed plea agreement. Arnold asserts that the Government's proposed plea colloquy included an additional unindicted robbery that Arnold asserts should not have been added to the plea. He claims that discussion of this robbery was an error that was mentioned, and corrected, during the grand jury proceedings. Arnold claims that he was willing to enter into the plea agreement but feared that he could be exposed to additional

sentencing enhancements if he falsely admitted to an additional robbery. After raising the issue with his attorney, "[c]ounsel then informed [Arnold] that the prosecutor is not going to fix the error." ECF No. 316 at 16.

The Government interpreted Arnold's motion as admitting "that trial counsel reached out to the government to 'correct' this alleged 'error' *i.e.*, make a counteroffer, and the government rejected it." ECF No. 319 at 6. The Government argues that it was under no obligation to accept Arnold's counteroffer or to remove uncharged conduct from the plea agreement. But Arnold clarifies in his reply brief that his claim is that his attorney "never brought this issue up to the government or the judge" and his counsel made "the decision for the government his self (sic) by saying what they won't do so why waste his time." ECF No. 320 at 9. Because the Government misunderstood Arnold's basis for relief, it did not address whether failing to raise the issue with the Government at all constituted ineffective assistance of counsel. I therefore decline to decide this issue at this time, and I will allow the Government to file a surreply addressing this part of Arnold's argument, to which Arnold may respond.

## II.  CONCLUSION

I THEREFORE ORDER that defendant Edwin Arnold, Jr.'s motion under 28 U.S.C. § 2255 **(ECF No. 316) is DENIED** as to all grounds except for ineffective plea bargaining.

I FURTHER ORDER that no certificate of appealability shall issue on the denied grounds because reasonable jurists would not find my assessment of the constitutional claims debatable or wrong and the questions presented do not deserve encouragement to proceed further.

/ / / /

/ / / /

4

I FURTHER ORDER that the Government may file a surreply by February 4, 2025, and defendant Edwin Arnold, Jr. may file a reply within 21 days of the Government's filing.

DATED this 21st day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE